# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barrkick Jermaine Mills, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:15-3276-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Commissioner of ) | |
| Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 16, 2016, recommending that the Commissioner's decision be affirmed. (Dkt. No. 18). Plaintiff thereafter timely filed objections to the R & R and the Commissioner filed a reply. (Dkt. No. 22, 24). For reasons set forth below, the Court adopts the R & R as the order of this Court.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The record reveals that Defendant has a long and complicated mental health history which involves various psychiatric diagnoses and chronic drug and alcohol abuse. His history also reveals periodic non-compliance with medications, which frequently was followed by a recurrence of psychiatric symptoms. The record contains differing diagnoses and impressions by

various providers, most of whom found a correlation between drug and alcohol abuse or medication non-compliance and Plaintiff's periodically worsening of mental health symptoms. One consulting examiner, Dr. Jennifer Bennice, Ph.D, a psychologist, apparently relied on claimant's statements that he denied past use of illicit drugs or current use of alcohol, in concluding that his problems were primarily psychiatric in nature. Tr. 281-83. Another consulting examiner, a board certified psychiatrist, Dr. John Custer, made findings more supportive of alcohol and drug abuse and possible malingering as significant contributing factors in Plaintiff's presentation. Tr. 277-280.

When an administrative record contains the types of conflicts present in this record, the Commissioner is charged with evaluating and reconciling those conflicts and making appropriate findings of fact. Those findings are entitled to deference under substantial evidence review. The Magistrate Judge carefully reviewed the agency decision in this matter and concluded that there is substantial evidence in the record to support the decision of the Commissioner. The Court has made its own review and reached the very same conclusion. The Court finds that the Magistrate Judge ably and properly addressed the factual and legal issues and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R as the decision of the Court.

## Conclusion

Based upon the foregoing, the Court hereby **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 20, 2016

-4-